# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN W. BYERLY,

    Plaintiff,

  v.                                                      Civil Action 2:18-cv-388
                                                          Judge Algenon L. Marbley
                                                          Magistrate Judge Jolson

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

    Defendants.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 24), Plaintiff's Motion for Injunction (Doc. 27), Plaintiff's Motion for Leave of Court to Amend Motion for Injunction (Doc. 29), Defendants' Motion to Stay Discovery (Doc. 33), Plaintiff's Motion for an Order to Produce Discovery (Doc. 34), Plaintiff's Motion for Miscellaneous Relief (Doc. 46), Plaintiff's Objection (Doc. 51), and Defendants' Motion to Strike Objection (Doc. 54). For the reasons that follow, it is **RECOMMENDED** that: Defendants' Motion for Judgment on the Pleadings (Doc. 24) be **GRANTED**; Plaintiff's Motion for Miscellaneous Relief (Doc. 46) be **GRANTED in part and DENIED in part**; and Plaintiff's Motion for Injunction (Doc. 27) and Plaintiff's Motion for Leave of Court to Amend Motion for Injunction (Doc. 29) be **DENIED as moot**. Further, Defendants' Motion to Stay Discovery (Doc. 33), Plaintiff's Motion for an Order to Produce Discovery (Doc. 34), Plaintiff's Objection (Doc. 51), and Defendants' Motion to Strike Objection (Doc. 54) are **DENIED as moot**.

**I.    BACKGROUND**

Plaintiff Stephen Byerly is a state prisoner at Marion Correctional Institution. He was formerly incarcerated at Lebanon Correctional Institution ("LECI"). Defendants are Thomas

Scheitzer, the warden of LECI; the State of Ohio; Mike DeWine; Gary Mohr, the Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"); and Roger Wilson, the Chief Inspector for ODRC. (Doc. 10 at 4).

Plaintiff suffers from vision impairments that allegedly impaired his ability to use the grievance process at LECI. (*Id.* at 8, 9; Doc. 10-1 at 1–2). Although difficult to follow, Plaintiff generally alleges that Defendants failed to respond to his grievances and that they denied him access to the courts. (Doc. 10 at 5–8). Specifically, Plaintiff appears to allege that, in August 2017, prison officials lost his motion for authorization to file a second or successive federal habeas petition.[1] (*See id.* at 5 ("Lost legal motion handed to prison officials on August 8th 2017 – habeas corpus 28 U.S.C. 2244 denial federal right failed make it's destination sent to Circuit Judge Southern Dist. Court of Ohio."); *id.* at 8 ("By losing legally mailed file habeas corpus – 28 U.S.C. 2244 is serious offence in Mr. Byerly's challenge to courts for proof of his innocences?")). According to Plaintiff, prison officials, including Defendants, have failed to respond to his grievances and complaints regarding the same. (*Id.* at 5–8).

Plaintiff filed his Complaint on May 2, 2018 (Doc. 5). Several months later, he filed his Amended Complaint (Doc. 10). To address the alleged problems discussed above, Plaintiff requests that the Court: (1) provide an alternative grievance process for visually impaired inmates; (2) provide him with a magnification tool or handheld lens to allow him to read small print; (3) provide prison officials with retraining so they follow ODRC policy regarding their obligation to

---

[1] Prior to August 2017, Plaintiff had filed several unsuccessful federal habeas actions in the district courts. *See Byerly v. OHIO, State of et al*, 1:14-cv-01183 (N.D. Ohio Mar. 19, 2014) (transferred to the Sixth Circuit and dismissed for lack of prosecution); *Byerly v. Warden Ross Correctional Institution*, 1:12-cv-01841 (N.D. Ohio July 13, 2012) (transferred to the Sixth Circuit, which denied Plaintiff's motion for authorization to file a second or successive petition); *Byerly v. Haviland*, 1:05-cv-01095 (N.D. Ohio May 2, 2005) (dismissed due to procedural default). Plaintiff has been similarly unsuccessful moving the Sixth Circuit to authorize his filing of a second or successive petition. *See In re: Stephen W. Byerly*, 10-3122, Doc. 41 (6th Cir. Sept. 24, 2010) (denying Plaintiff's motion for authorization to file a second or successive petition).

respond to prisoners' grievances; (4) find Plaintiff's lost legal motion; (5) order prison officials not to interfere with Plaintiff's mail; (6) order prison officials to facilitate his access to the courts; (7) order prison officials to implement a system by which prisoners can file paper, rather than electronic, grievances; and (8) order prison officials to pay for all costs and filing fees necessary to remedy these issues. (*Id.* at 9–12).

Defendants filed their Motion for Judgment on the Pleadings (Doc. 24) on November 30, 2018. The briefing deadline for that Motion has passed, and the Motion is now ripe for resolution.

## II.  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 24)

Defendants move for judgment on the pleadings for three reasons. First, they argue, Plaintiff has failed to state a claim upon which relief may be granted. (Doc. 24 at 2). Second, they assert, Plaintiff's claims are based on the doctrine of respondeat superior, which cannot be used to establish liability in § 1983. (*Id.*). Third, they contend, they are immune pursuant to the Eleventh Amendment. (*Id.*).

### A.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. P'ship,* No. 2:06-CV-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted).

In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Accordingly, the Court "must

construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop*, 520 F.3d at 519 (internal quotation marks omitted). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. DISCUSSION**

1. *Lack of Effective Grievance Process*

Plaintiff generally alleges that Defendants have failed to ensure his access to an effective grievance process. According to him, Defendants have repeatedly denied or failed to respond to his grievances.

"The Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure." *Archibald v. Warren Cty. Reg'l Jail*, No. 1:18-CV-P63-GNS, 2018 WL 5270337, at *5 (W.D. Ky. Oct. 23, 2018) (collecting cases). Defendants' "failure to respond, or other deficiencies in the grievance process, . . . do not give rise to a plausible claim of federal constitutional dimension because [Plaintiff] has no right under the Constitution to an effective prison grievance procedure." *Haywood v. Gifford*, No. 1:17-CV-398, 2017 WL 5633316, at *3 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted*, No. 1:17-CV-398, 2017 WL 5598167 (S.D. Ohio Nov. 21, 2017) (collecting cases); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("Argue's allegations do not state a claim because there is no

4

inherent constitutional right to an effective prison grievance procedure." (collecting cases)); *Fugate v. Erdos*, No. 1:19-CV-30, 2019 WL 1117348, at *3 (S.D. Ohio Feb. 14, 2019), *report and recommendation adopted*, No. 1:19CV30, 2019 WL 1115701 (S.D. Ohio Mar. 11, 2019) ("To the extent plaintiff complains the ODRC Chief Inspector failed to properly respond to plaintiff's grievance appeal, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure."). Plaintiff's Amended Complaint, therefore, fails to state a claim upon which relief may be granted with respect to this issue.

2. *Denial of Access to Courts*

Plaintiff alleges that, in August 2017, Defendants lost his motion for authorization to file a second or successive federal habeas petition. Liberally construing the Amended Complaint, Plaintiff appears to allege that the loss of his motion in August 2017 resulted in "dismissal of his case." (Doc. 10 at 11).

"Prison officials may not erect any barriers that impede an inmate's access to the courts." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). "In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury." *Harbin-Bey*, 420 F.3d at 578 (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Plaintiff's claim fails for several reasons. First, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

5

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (internal citations omitted). Plaintiff has failed to allege that any of the Defendants were personally involved in the loss of his motion for authorization. (*See generally* Doc. 10). To the contrary, he explicitly alleges that Defendants are liable here in their supervisory capacity. (*See, e.g.*, *id.* at 5 (alleging that Defendant Scheitzer, the Warden of LECI, is the "legal/duly responsible party over all prison official" and that "he is liable . . . when staff fails!"); *id.* (alleging that Defendant Mohr is liable because "all" prison officials "report directly" to him and that he is a "liable party" because he has control "over all prisons and person over all D.R.C. policies liable party . . . over all employee's/contractors!")). Because he relies on the doctrine of *respondeat superior*, his claim fails as a result. *See Iqbal*, 556 at U.S. at 676.

Second, "[a] successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights . . . such that mere negligence or recklessness is insufficient." *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999) (internal citation omitted); *see also Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003) ("[N]egligence does not suffice to state an access to the courts violation under § 1983."). But here all Plaintiff alleges is a one-time loss of his mail, a quintessential example of negligence. In the absence of allegations of intentional conduct on the part of Defendants, Plaintiff's denial-of-access-to-courts claim fails.

Third, any request for injunctive relief fares no better. A party seeking injunctive relief must establish ongoing or imminent future harm—a prior injury cannot justify the grant of such relief. *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 970–971 (6th Cir. 2009); *see also Int'l Techs. Consultants, Inc. v. Stewart*, No. 07-13391, 2012 WL 750154, at *2 (E.D. Mich. Mar. 8, 2012) ("A party seeking injunctive relief must make a showing of concrete and

particularized allegations of a threat of a future injury as the result of the defendant's actions." (collecting cases)). Here, Plaintiff alleges only that prison officials lost his mail on one past occasion. He does not identify any ongoing state custom or policy that will cause imminent future harm. Therefore, any claim for injunctive relief based on Plaintiff's denial-of-access-to-courts claim fails.

Finally, to the extent the Amended Complaint can be read to request injunctive relief with respect to Plaintiff's denial-of-access-to-courts claim, that request for relief is now moot. In August 2018, Plaintiff was transferred to Marion Correctional Institution, (Doc. 51 at 1), mooting his claim for injunctive relief. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("As noted above, any declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("Wilson is no longer incarcerated at Mansfield Correctional Institution, where the events that form the basis for his allegations in this case took place. Consequently, any claim for injunctive relief against the defendants in their official capacities is also unavailing."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution" where the alleged unconstitutional conduct occurred.).

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Judgment be **GRANTED**.

### III.  PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF (Doc. 46)

Although difficult to follow, Plaintiff's Motion for Miscellaneous Relief appears to seek leave to file a number of motions, briefs, and exhibits that he attempted to mail but were returned to him due to insufficient funds in his prison account. (*See* Doc. 46). Plaintiff argues that prison

officials prevented him from timely mailing these documents. Defendants, not surprisingly, insist that Plaintiff is responsible for the failure to mail the relevant documents. (*See* Doc. 48). They contend that the Court should deny Plaintiff's Motion because he has failed to comply with the Local Rules and the motions, briefs, and exhibits Plaintiff seeks to file are irrelevant to the claims set forth in the Amended Complaint. (*Id.* at 2–8).

Given Plaintiff's status as a pro se prisoner, the Undersigned prefers to resolve the issues raised by his Motion on the merits, rather than on his failure to comply with the relevant Local Rules and Federal Rules of Civil Procedure. To the extent the attachments to Plaintiff's Motion for Miscellaneous Relief (Docs. 46-1–46-9) contain arguments that could be read to oppose Defendants' Motion for Judgment on the Pleadings, the Court **RECOMMENDS** that the Motion (Doc. 46) be **GRANTED in part** to allow those arguments to be considered as part of the record. The Undersigned, accordingly, has reviewed and considered those arguments in ruling on Defendants' Motion for Judgment on the Pleadings.

The Undersigned reaches a different conclusion to the extent Plaintiff's Motion for Miscellaneous Relief seeks to supplement or amend the Amended Complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part

of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Liberally construed, Plaintiff's filings seek to add new claims and new defendants to this action for alleged misconduct that post-dates the Amended Complaint. In August 2018, Plaintiff was transferred to Marion Correctional Institution. (Doc. 51 at 1). In December 2018, employees at Marion Correctional Institution allegedly began to interfere with Plaintiff's access to his legal materials. (Doc. 46-2 at 5). Plaintiff, therefore, seeks to add a number of defendants to this action: Marion Correctional Institution ("MCI"), (Doc. 46-4 at 3); unidentified prison officials at MCI (Doc. 46-2 at 3); and Sergeant Griffin and unknown accomplices (*id.* at 4). He would like to pursue claims against those proposed defendants based on their alleged responsibility for denying him access to his legal materials and destroying his legal materials (*See, e.g.*, Doc. 46-2 at 3–4; Doc. 46-3 at 7; *id.* at 14; Doc. 46-6 at 3–5; *id.* at 8–9). In short, Plaintiff seeks to file a new lawsuit against unrelated defendants for unrelated claims and combine it with the current action.

"[C]ourts have generally held that 'unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces but also to ensure that prisoners pay the required filing fees.'" *Burfitt v. Erving*, No. 1:18-CV-260, 2018 WL 6313377, at *1–2 (S.D. Ohio Oct. 30, 2018), *report and recommendation adopted*, No. 1:18CV260, 2018 WL 6308993 (S.D. Ohio Dec. 3, 2018) (alterations omitted) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). To the extent Plaintiff's Motion (Doc. 46) attempts to supplement or amend the Amended Complaint, it should be denied "because he seeks to add new causes of action and new defendants." *Burfitt*, 2018 WL 6313377, at *2; *see also Rice v. Turner*, No. 4:17CV2684, 2018 WL 3067767, at *1 (N.D. Ohio June 21, 2018)

("Plaintiff filed a Motion for Leave to Amend the Complaint (ECF No. 8) on February 5, 2018. His proposed Amended Complaint is actually a proposed supplemental pleading and pertains to an incident completely unrelated to any of the incidents described in the Complaint. Furthermore, it is directed primarily at a person who is not named as a Defendant, either in this action or in the supplemental pleading. Given that the Complaint already contains 331 paragraphs, describing incidents occurring over a two-year period of time, the Court denies his request for leave to add another incident to the pleading. Because it is unrelated to any events described in this action, Plaintiff can file another action against the individuals against whom he intends to bring those claims. His Motion for Leave to Amend Complaint (ECF No. 8) is denied."). It is, therefore, **RECOMMENDED** that Plaintiff's Motion for Miscellaneous Relief (Doc. 46) be **DENIED** to the extent it seeks to supplement or amend the Amended Complaint.

## IV. INJUNCTION-RELATED MOTIONS (Docs. 27, 29)

Having found that Defendants' Motion for Judgment on the Pleadings (Doc. 24) should be granted and that Plaintiff's attempts to supplement or amend his Amended Complaint via his Motion for Miscellaneous Relief (Doc. 46) should be denied, the remaining motions in this case are moot. It is, therefore, **RECOMMENDED** that Plaintiff's Motion for Injunction (Doc. 27) and Plaintiff's Motion for Leave of Court to Amend Motion for Injunction (Doc. 29) be **DENIED as moot**.

## V. DISCOVERY-RELATED MOTIONS (Docs. 33, 34, 51, 54)

Having found that Defendants' Motion for Judgment on the Pleadings (Doc. 24) should be granted and that Plaintiff's attempts to supplement or amend his Amended Complaint via his Motion for Miscellaneous Relief (Doc. 46) should be denied, the remaining motions in this case are moot. Defendants' Motion to Stay Discovery (Doc. 33), Plaintiff's Motion for an Order to

Produce Discovery (Doc. 34), Plaintiff's Objection (Doc. 51), and Defendants' Motion to Strike Objection (Doc. 54) are, therefore, **DENIED as moot**.

V.     **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that: Defendants' Motion for Judgment on the Pleadings (Doc. 24) be **GRANTED**; Plaintiff's Motion for Miscellaneous Relief (Doc. 46) be **GRANTED in part and DENIED in part**; and Plaintiff's Motion for Injunction (Doc. 27) and Plaintiff's Motion for Leave of Court to Amend Motion for Injunction (Doc. 29) be **DENIED as moot**. Further, Defendants' Motion to Stay Discovery (Doc. 33), Plaintiff's Motion for an Order to Produce Discovery (Doc. 34), Plaintiff's Objection (Doc. 51), and Defendants' Motion to Strike Objection (Doc. 54) are **DENIED as moot**.

IT IS SO ORDERED.

Date:   June 5, 2019                         /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE