IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. BYERLY, | : | |
| | : | Case No. 2:18-cv-388 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| WARDEN, LEBANON | : | |
| CORRECTIONAL INSTITUTION, *et al.* | : | |
| | : | |
| Defendants. | : | |

## **OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's June 5, 2019, Report and Recommendation (ECF No. 59), which recommended Defendants' Motion for Judgment on the Pleadings (ECF No. 24) be GRANTED; Plaintiff's Motion for Miscellaneous Relief (ECF No. 46) be GRANTED in part and DENIED in part; and Plaintiff's Motion for Injunction (ECF No. 27) and Plaintiff's Motion for Leave of Court to Amend Motion for Injunction (ECF No. 29) be DENIED as moot. Further, Defendants' Motion to Stay Discovery (ECF No. 33), Plaintiff's Motion for an Order to Produce Discovery (ECF No. 34), Plaintiff's Objection (ECF No. 51), and Defendants' Motion to Strike Objection (ECF No. 54) are DENIED as moot. This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis.

### I.  FACTUAL BACKGROUND

Stephen W. Byerly, an inmate at Lebanon Correctional Institution ("the prison"), sued the Warden of the prison, the State of Ohio, and other prison officials under 42 U.S.C. § 1983. Byerly alleges that prison officials are mistreating him during his incarceration by losing and denying him access to legal materials associated with his habeas petition and by not

1

appropriately responding to his grievances. The Magistrate Judge issued a Report & Recommendation, after which Plaintiff filed a "declaration" and the State of Ohio filed a response to Plaintiff's declaration.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). Here, because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

## III. LAW AND ANALYSIS

In his objection to the Magistrate Judge's Report and Recommendation Plaintiff does not object to any of the legal determinations made by the Magistrate Judge. (ECF No. 60). Plaintiff instead contends Constitutional violations under the Eighth, First, and Fourteenth Amendments. (ECF No. 60). These alleged violations were not raised prior to Plaintiff's objection to the Magistrate Judge's Report and Recommendation. The purpose of an objection is "to argue against the findings, conclusions, and recommendations of the R&R based on the law and the record." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 729, 2009 U.S. Dist. LEXIS 59250, *9 (N.D. Ohio 2009); see also *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")). As such, the objections

based on these alleged Constitutional violations are improper. *See Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Additionally, Plaintiff appears to allege that the Magistrate Judge erred in her determination regarding Plaintiff's access to an effective grievance process. However, the Magistrate Judge correctly noted that "the Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure." *Archibald v. Warren Cty. Reg'l Jail*, No2018 WL 5270337, at *5 (W.D. Ky. Oct. 23, 2018) (collecting cases). Plaintiff appears to conflate his access to the courts with his access to a grievance process, through which he raises his Eight Amendment claim. A grievance process and access to the courts are distinct issues and the Court finds no error in the Magistrate Judge's determinations on these issues. Plaintiff provided no additional basis for his objection to the Magistrate Judge's Report and Recommendation and therefore Plaintiff failed to file a valid objection to the Magistrate Judge's determination.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                          *s/ Algenon L. Marbley*
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: August 27, 2019**